BURL M. COMPTON

V.

COMMONWEALTH OF VIRGINIA, EX REL. DEPARTMENT OF
MENTAL HEALTH AND MENTAL RETARDATION, ET AL.

Record No. 890406

March 2, 1990

Present: All the Justices

*Colin R. Gibb (James L. Warren; Warren, Gibb and Scheid,* on brief), for appellant.

*W. Mark Dunn, Assistant Attorney General (Mary Sue Terry, Attorney General; Gail Starling Marshall, Deputy Attorney General; Mary Yancey Spencer, Senior Assistant Attorney General,* on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

Code § 37.1-105 provides, in pertinent part, that "[a]ny person . . . responsible for the support of a patient pursuant to § 20-61 shall be liable for the expenses of his care and treatment . . . in a state hospital." Code § 20-61 provides, *inter alia,* that a parent who "fails to provide for the support and maintenance of his or her . . . child of whatever age who is . . . incapacitated from earning a living, the . . . child . . . being . . . in necessitous circumstances, shall be guilty of a misdemeanor." This provision of Code § 20-61 does not apply, however, "to any parent of any child of whatever age, if the child qualifies for and is receiving aid under a federal or state program for aid to the permanently and totally disabled." The dispositive question in this appeal is whether total disability payments under the federal Social Security Act constitute "aid under a federal . . . program" within the meaning of Code § 20-61.

The Commonwealth of Virginia, *ex rel.* the Department of Mental Health and Mental Retardation and Edward J. Mazur, Comptroller (collectively, the Commonwealth), sued Burl M. Compton for the sum of $11,076 for services rendered to Steven B. Compton, Burl's incapacitated adult son, by Southwestern State Hospital. Following a bench trial, the trial court entered a judgment for the Commonwealth in the amount of $11,076, with interest and costs. Burl appeals.

Steven is totally disabled and incapacitated and is unable to earn a living. On February 27, 1984, he was admitted to Southwestern State Hospital for treatment of a mental disability that has existed since his birth. On June 14, 1984, he was discharged from the hospital. The total amount due for Steven's care, treatment, and maintenance at the hospital is $11,076.

Since May 1980, Steven has received benefits under the federal Old Age, Survivors and Disability Insurance Program (OASDI), 42 U.S.C. §§ 401-433 (1982). OASDI is a form of insurance

designed to protect workers and their families against the economic hazards of involuntary, premature retirement. Under OASDI, entitlement payments are made to persons (or their dependents) who have worked a specified period and have paid social security taxes. Steven is entitled to these benefits because his mother, an eligible worker who paid social security taxes, died before Steven became 18 years of age and his disability has continued. These benefits, in the approximate amount of $376 per month, are Steven's only source of income.

Burl contends that these benefits constitute aid to the permanently and totally disabled under a federal program. Thus, Burl asserts, Code § 20-61 exempts him from liability under Code § 37.1-105.

█ The Commonwealth asserts that OASDI benefits do not constitute "aid" as contemplated by Code § 20-61. The Commonwealth contends that the term "aid," as used in Code § 20-61, is limited to Supplemental Security Income for Aged, Blind, and Disabled (SSI), 42 U.S.C. §§ 1381-1385 (1982), a welfare assistance program based upon need of the recipient. We do not agree.

█ When a statute is clear and unambiguous, its plain meaning must be accepted without resort to extrinsic evidence or the rules of construction. *Va. Dept. of Labor* v. *Westmoreland Coal Co.*, 233 Va. 97, 99, 353 S.E.2d 758, 760-61 (1987); *Ambrogi* v. *Koontz*, 224 Va. 381, 386, 297 S.E.2d 660, 662 (1982). We think Code § 20-61 is clear and unambiguous. Giving the section its plain meaning, we conclude that the OASDI benefits that Steven receives constitute "aid under a federal . . . program for aid to the permanently and totally disabled."

Accordingly, we will reverse the trial court's judgment and enter a final judgment in favor of Burl Compton.

*Reversed and final judgment.*