# Norfolk Airport Authority

### v.

# Carl M. Nordwall

Record No. 921894

November 5, 1993

Present: All the Justices

*William M. Furr (Conrad M. Shumadine; Willcox & Savage*, on briefs), for appellant. (Record No. 921894)

*Henry E. Howell, III* for appellee. (Record No. 921894)

*Edward D. Barnes* for appellant. (Record No. 921959)

*Frank G. Uvanni (Carl J. Witmeyer, II; Chalkley & Witmeyer*, on brief), for appellee. (Record No. 921959)

JUSTICE STEPHENSON delivered the opinion of the Court.

The principal question in this appeal is whether Code § 40.1-61, a part of Virginia's Right to Work Law, prevents a government employer from prohibiting one of its supervisory employees from joining a union.

Carl M. Nordwall filed a motion for judgment against Norfolk Airport Authority (the Authority) alleging, *inter alia*, that the Authority violated the Right to Work Law, Code § 40.1-58 *et seq.*, when it terminated Nordwall's employment because he joined a union. In a bench trial, the trial court concluded that the termination of Nordwall's employment because of his union membership violated Code § 40.1-61. Consequently, the court reinstated Nordwall to his former position with the Authority, directed the Authority to restore Nordwall's benefits, and awarded Nordwall damages in the amount of $17,875.71 for lost wages and benefits during the period of his termination. We awarded the Authority an appeal from the trial court's judgment.

The evidence germane to this appeal can be stated briefly and, in accordance with established appellate principles, will be

stated in the light most favorable to Nordwall, the prevailing party at trial. The Authority is a political subdivision of the Commonwealth whose primary function is the operation of the Norfolk International Airport. The Authority's fire fighters are public employees. As such, neither they nor their union have any collective bargaining rights, Code § 40.1-57.2,[1] and the employees are prohibited from striking, Code § 40.1-55.

Prior to his termination, Nordwall had worked for the Authority for nine years. He began as a fire fighter, and, at the time he was discharged, he held the rank of captain.

As captain, Nordwall was the shift commander and was responsible for fighting all fires on the airport property. At times, when neither the fire chief nor the deputy fire chief is at the airport, the captain is the highest ranking fire official.

On August 29, 1991, Nordwall joined Local 3406 of the International Association of Fire Fighters. On August 30, 1991, the Authority placed Nordwall on administrative leave with pay, and, on September 6, 1991, the Authority terminated Nordwall's employment.

The Authority's Executive Director, called by Nordwall as an adverse witness, testified that he had full discretion and made the final decisions regarding personnel matters. He stated that Nordwall was discharged "because . . . as captain in the fire department he . . . joined a union, which we felt was in conflict with his loyalty and his duties to the authority."[2]

■ The trial court made a factual finding that Nordwall's employment was terminated because he joined the union. The Authority claims that the finding is not supported by the evidence. We do not agree.

A factual finding of a trial court will not be disturbed on appeal unless it is "plainly wrong or without evidence to support it." Code § 8.01-680. In the present case, the Authority's Executive Director

---

[1] This Code section was enacted in 1993, subsequent to the trial court's decision in this case. Acts 1993, chs. 868, 879. We deem the enactment to be declaratory of the law as stated in *Commonwealth* v. *Arlington County Bd.*, 217 Va. 558, 581, 232 S.E.2d 30, 44 (1977).

[2] The Deputy Executive Director testified that there were three reasons for Nordwall's discharge: (1) Nordwall had joined the same union as his subordinates; (2) he allegedly had encouraged subordinates to join the union; and (3) the Authority had "some concerns" with Nordwall's job performance. Another captain, however, claimed to have heard the Deputy Executive Director state that Nordwall was fired for joining the union.

stated unequivocally that Nordwall was fired because he joined the union. Clearly, the evidence supports the trial court's finding.

■ Turning to the statute, Code § 40.1-61 provides that "[n]o person shall be required by an employer to abstain or refrain from membership in any labor union or labor organization as a condition of employment or continuation of employment." This section is consistent with the declared public policy of the Commonwealth that "the right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization." Code § 40.1-58.

The Authority contends that Code § 40.1-61 does not protect Nordwall because he is a supervisory employee. The Authority notes that the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, and the Federal Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, exclude supervisory employees from their protection. Thus, the Authority asserts, if Virginia's Right to Work Law were read to extend its protection to supervisors when the federal labor acts exclude such protection, the Right to Work Law would "innovate upon, unsettle and disregard an entire body of labor law." Additionally, the Authority argues that the application of Code § 40.1-61 to supervisory employees would lead to an absurd and irrational result because it would allow captains to be in the same union with subordinate fire fighters, thereby compromising the captain's authority.

Nordwall contends, on the other hand, that, by its plain and unambiguous language, Code § 40.1-61 affords him protection. He disputes the contention that this interpretation of the statute will lead to an absurd result and asserts that the provisions of the federal labor acts have no bearing on his case.

■ We are unpersuaded by the Authority's reliance upon the federal statutes. Federal labor law does not apply to employees of the states or their political subdivisions. The regulation of such employees is left entirely to the states. *See* 29 U.S.C. § 152(2) (1988); *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209, 223 (1977). Therefore, we must look to Code § 40.1-61.

■ It is well established that when the language of a statute is clear and unambiguous, courts must accept its plain meaning and not resort to extrinsic evidence or the rules of construction. *Compton* v. *Commonwealth*, 239 Va. 312, 314, 389 S.E.2d 460, 461 (1990); *Gonzalez* v. *Fairfax Hospital System*, 239 Va. 307, 310, 389 S.E.2d 458, 459 (1990); *Virginia Dept. of Labor* v. *Westmoreland*

*Coal Co.*, 233 Va. 97, 99, 353 S.E.2d 758, 760-61 (1987); *Ambrogi* v. *Koontz*, 224 Va. 381, 386, 297 S.E.2d 660, 662 (1982). In the present case, the language in Code § 40.1-61 is clear and unambiguous. It says that "[n]o person" shall be required by an employer to abstain from membership in a union as a condition of employment. Giving the statute its plain meaning, we think it extends protection to Nordwall. We reject the contention that this interpretation leads to an absurd result because it allows captains to be in the same union with fire fighters.

■ In 1977, the Attorney General was asked to rule upon the validity of a York County ordinance that prohibited officers of the county's fire department who held management positions from joining any union, labor organization, or employee association. The Attorney General opined that the ordinance was "in contravention of § 40.1-61, and therefore, . . . invalid." 1977 Op. Att'y Gen. 142.

Since that opinion was rendered, the General Assembly has not amended Code § 40.1-61 to provide for an interpretation contrary to that of the Attorney General. Although opinions of the Attorney General are not binding on a court, the General Assembly is presumed to have had knowledge of the Attorney General's interpretation of a statute and, by failing to make corrective amendments, to have acquiesced in the interpretation. *Deal* v. *Commonwealth*, 224 Va. 618, 622, 299 S.E.2d 346, 348 (1983).

■ Finally, the Authority contends that the trial court erred in awarding Nordwall back pay and ordering his reinstatement because just cause existed for his termination. Again we disagree. As previously stated, the record strongly supports the trial court's finding that the Authority fired Nordwall because he joined the union, and no other reason is shown by the evidence. The remedy fashioned by the court is equitable and consistent with the relief authorized by the Right to Work Law.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*