COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
          Willis, Elder, Bray, Fitzpatrick and Overton
Argued at Richmond, Virginia


JACINTO MEJIA
                                         OPINION BY
v.        Record No. 1366-95-4    JUDGE JERE M. H. WILLIS, JR.
                                      SEPTEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Marcus D. Williams, Judge

          David Bernhard (Bernhard & Gardner, on
          brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     On appeal from his conviction of operating a motor vehicle

after illegally consuming alcohol, in violation of Code

§ 18.2-266.1(A), Jacinto Mejia contends that the trial court

erred in denying his motion to strike the evidence, which was

grounded on the Commonwealth's alleged failure to prove that his

consumption of alcohol was illegal.  We find no error and affirm

the judgment of the trial court.

     On November 27, 1994, a Fairfax police officer stopped an

automobile being operated by Mejia, after the officer observed

that the vehicle was speeding 50 mph in a 35 mph zone and was

"frequently weaving across the double yellow line."  Approaching

the vehicle, the officer "detected a moderate odor of alcohol."

At the officer's direction, Mejia satisfactorily performed three

field sobriety tests.  A properly conducted breath alcohol

analysis established that his breath alcohol content was 0.03 grams per 210 liters of breath.  Mejia was less than twenty-one years of age.

At the conclusion of the Commonwealth's evidence, Mejia moved to strike the evidence on the ground that the Commonwealth had failed to prove that his consumption of alcohol was illegal.  The trial court denied the motion.  Mejia rested without producing evidence and renewed the motion, which the trial court again denied.

Mejia contends that because Code § 18.2-266.1(A) proscribes the operation of a motor vehicle by a person under the age of twenty-one "after illegally consuming alcohol," the legislature intended to make the illegality of the subject operator's alcohol consumption an express element of the offense.  He argues that because the Commonwealth failed to prove that his consumption of alcohol had been illegal, the Commonwealth thereby failed to prove an element of the offense charged, rendering the proof insufficient to support his conviction.

The Commonwealth contends that the word "illegally" is mere surplusage which, if read to impose a required element of proof, would frustrate the legislature's plain intent and would produce inconsistent and often absurd results.  The Commonwealth argues that the word "illegally" should be construed to describe the general illegality of the conduct proscribed by the statute.

We find neither position persuasive.  Well established "principles of statutory

construction require us to ascertain and give effect to the legislative intent." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "Where the language is plain and unambiguous, we are bound by the plain statement . . . ." Commonwealth v. Meadows, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994). "[W]ords and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994). "Criminal statutes are to be 'strictly construed against the Commonwealth and in favor of [a] citizen's liberty.'. . . A penal statute must be construed so as to proscribe only conduct which the legislature clearly intended to be within the statute's ambit." King v. Commonwealth, 6 Va. App. 351, 354-55, 368 S.E.2d 704, 706 (1988).

Brooks v. Commonwealth, 19 Va. App. 563, 566, 454 S.E.2d 3, 4-5 (1995). If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent. See Cooper v. Occoquan Land Dev. Corp., 8 Va. App. 1, 6, 377 S.E.2d 631, 633 (1989).

"Illegally," as used in the first sentence of Code § 18.2-266.1(A), plainly modifies "consuming alcohol." Thus, the first sentence of the statute, the general definition of the offense, prohibits the operation of a motor vehicle by a person under the age of twenty-one who has illegally consumed alcohol. The illegality of the alcohol consumption is expressly made an element of the general definition of the offense. The wisdom of that inclusion is not for us to decide. Our task is to give

effect to the legislature's intent.

However, the second sentence of the statute must be read in conjunction with, and consistently with, the first. That sentence provides that "any such person" with a blood alcohol concentration of 0.02 grams or more per 210 liters of breath "shall be in violation of this section." We construe "any such person" to mean "any person under the age of twenty-one." Such a person who operates a motor vehicle while having the specified blood alcohol concentration is deemed by the provision of the second sentence to be in violation of the statute.

The Commonwealth argues that consumption of alcohol is a type of possession and that because possession of alcohol by a person less than twenty-one years of age is generally illegal, consumption of alcohol by such a person is correspondingly generally illegal. Mejia correctly observes that despite the general prohibition against possession and consumption, there exist circumstances under which possession and consumption of alcohol by a person less than twenty-one years of age may be legal. We perceive no need to catalog those circumstances in this opinion. However, we note that medicinal and sacramental possession and consumption of alcohol are examples.

We conclude that the offense defined by the first sentence of Code § 18.2-266.1(A) is proved if the Commonwealth proves that a person under the age of twenty-one years operates a motor vehicle after consuming alcohol, in any amount, and that the

consumption was illegal.  We construe the second sentence to provide the establishment of a prima facie case upon proof that a person under twenty-one years of age operates a motor vehicle while having the prescribed level of blood alcohol concentration, casting upon the accused against whom such a prima facie case is established the burden of going forward with evidence raising a reasonable doubt as to the illegality of his alcohol consumption.

At the time of his arrest, Mejia was under twenty-one years of age and he operated a motor vehicle while having a blood alcohol concentration of 0.02 grams or more per 210 liters of breath.  He produced no evidence suggesting that his consumption of alcohol had not been illegal.  Thus, the prima facie case raised by the Commonwealth's proof sufficiently supports Mejia's conviction, and the trial court did not err in denying his motion to strike the evidence.

The judgment of the trial court is affirmed.

Affirmed.

Benton, J., dissenting.

In pertinent part, Code § 18.2-266.1(A) provides as follows:

> It shall be unlawful for any person under the age of twenty-one to operate any motor vehicle after illegally consuming alcohol. Any such person with a blood alcohol concentration of 0.02 percent or more by weight by volume or 0.02 grams or more per 210 liters of breath but less than 0.08 by weight by volume or less than 0.08 grams per 210 liters of breath as indicated by a chemical test administered as provided in this article shall be in violation of this section.

The Commonwealth proved that Jacinto Mejia, who was under the age of twenty-one, operated a motor vehicle with a breath alcohol content of .03 grams per 210 liters of breath. Because this conduct alone does not fulfill all the elements necessary to support a conviction under Code § 18.2-266.1(A), I dissent.

Mejia contends that the statute required the Commonwealth to prove that he "illegally" consumed alcohol. The Commonwealth contends that "the word 'illegally' is surplusage." Although the majority disagrees with the Commonwealth, the majority upholds the conviction by constructing an analysis not argued by either party and finding that under the second sentence of the statute Mejia had the burden of proving "a reasonable doubt as to the illegality of his alcohol consumption." I believe the majority incorrectly reads and applies the statute.

In Virginia, statutory interpretation is governed by the following well established principles:

> If [a statute's] language is clear and
> unambiguous, there is no need for
> construction by the court; the plain meaning
> and intent of the enactment will be given it.
> When an enactment is clear and unequivocal,
> general rules for construction of statutes of
> doubtful meaning do not apply. Therefore,
> when the language of an enactment is free
> from ambiguity, resort to legislative history
> and extrinsic facts is not permitted because
> we take the words as written to determine
> their meaning. And, when an enactment is
> unambiguous, extrinsic legislative history
> may not be used to create an ambiguity, and
> then remove it, where none otherwise exists.

Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)
(citations omitted). An equally well established principle
mandates that when "the statute in question is penal in nature,
it must be strictly construed against the state and limited in
application to cases falling clearly within the language of the
statute." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d
337, 338 (1983).

To reach the result the Commonwealth urges, the word
"illegally" must be read out of the statute. Words in a statute
"cannot be ignored" merely to reach a desired result. Board of
Supervisors v. Wood, 213 Va. 545, 548, 193 S.E.2d 671, 674
(1973). The use of the word "illegally" in the statute adds
content and imparts meaning to the statute and its use does not
lead to an "absurd result." Norfolk Airport Authority v.
Nordwall, 246 Va. 391, 395, 436 S.E.2d 436, 438 (1993).

I agree with the majority that "illegally" modifies
"consuming alcohol." This reading of the statute does not lead

to an absurd result because a person under twenty-one years of age may legally consume alcohol in various circumstances.  For example, persons under the age of twenty-one may lawfully consume alcohol through medicine intake or during religious sacrament, such as the Eucharist or the Seder.  See 42 U.S.C. § 2000 bb, et seq. (The "Religious Freedom Restoration Act").  Also, many states, including states that border Virginia, allow minors to lawfully consume alcohol in their homes under various circumstances.  See, e.g., State v. Mihm, 634 N.E.2d 703 (Ohio Ct. App. 1994); Md. Ann. Code art. 27, § 401A; W. Va. Code § 60-3-22a; Colo. Rev. Stat. Ann. § 18-13-122; Or. Rev. Stat. §§ 471.410 and 471.430; Wash. Rev. Code Ann. § 66.44.270.  Indeed, no Virginia law bars a person under the age of twenty-one from consuming an alcoholic beverage at home under the supervision of his or her parent.  Cf. Code §§ 4.1-200 and 4.1-305.

Because the legislature created a specific statutory offense for a person under the age of twenty-one who has driven after illegally consuming alcohol, we cannot say that such a statute reaches an absurd result.  We cannot rewrite the statute by judicial fiat.  Without proof that a person under twenty-one years of age illegally consumed alcohol, that person cannot be convicted under Code § 18.2-266.1(A).  Virginia has other statutes that prohibit driving while intoxicated.  See Code § 18.2-266.

The Commonwealth argues that the legislature did not intend to impose liability only for illegal consumption. Nothing in the statute supports that assertion. The plain language of Code § 18.2-266.1(A) imposes liability only for "illegally consuming alcohol." Even though the result of a statute may not be what the Commonwealth believes the legislature intended, a court cannot distort or rewrite the statute. See Smith v. Richmond Memorial Hospital, 243 Va. 445, 454, 416 S.E.2d 689, 694, cert. denied, 506 U.S. 967 (1992). The word, "illegally," itself and its placement in the statute are "clear and unambiguous." Nordwall, 246 Va. at 395, 436 S.E.2d at 438. Thus, we must presume that effect was intended to be given to that word as well as each of the words in the statute. Rockingham Cooperative Farm Bureau v. City of Harrisonburg, 171 Va. 339, 344, 198 S.E. 908, 910 (1938); King v. Empire Collieries Co., 148 Va. 585, 590, 139 S.E. 478, 479 (1927). If there is any doubt concerning the meaning of a statute, "we are guided by the fundamental principle of statutory construction that penal statutes '"must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute."'" Simmons v. Commonwealth, 16 Va. App. 621, 624, 431 S.E.2d 335, 336 (1993)(citations omitted).

In order to uphold what it deems to be the intent of the legislature, the majority concludes that the term "any such person" at the beginning of the second sentence modifies only the

words "any person under the age of twenty-one" in the first sentence. In adopting this interpretation, the majority provides no explanation as to why "any such person" refers only to a portion of the first sentence. I believe this reading of the statute to be flawed.

"Any such person" can only logically refer to a person under age twenty-one who operates a vehicle after illegally consuming alcohol, the subject person specified in the first sentence. Following immediately upon the first sentence, the phrase, "any such person," can only logically refer to a person fulfilling the entire proscription upon persons described in the first sentence. Contrary to the implication in the majority opinion, the second sentence of the statute is read consistent with the first sentence when "any such person" is read to refer to "any person under the age of twenty-one [who] operate[s] a motor vehicle after illegally consuming alcohol."

The majority interpretation creates an ambiguity where none exists. Only by truncating the descriptive reference of the first sentence of the statute does the majority achieve the ambiguity that is necessary to its analysis. That unnecessary ambiguity then provides the foundation for the majority's conclusion that the legislature constructed a statute that requires interpretation by reference to legislative intent.

Even if the statute contained such an ambiguity, the majority's ultimate conclusion does not follow. Penal statutes

- 10 -

"should be construed strictly against the Commonwealth and in favor of the accused." Frere v. Commonwealth, 19 Va. App. 460, 464, 452 S.E.2d 682, 685 (1995). Thus, if the statute contains two equally likely interpretations, the statute must always be interpreted to favor a citizen's liberty. Brooks v. Commonwealth, 19 Va. App. 563, 566, 454 S.E.2d 3, 5 (1995). The majority's interpretation of Code § 18.2-266.1(A) contains fewer elements and imposes a lesser burden on the Commonwealth than the equally reasonable alternative interpretation of the statute I have described. Thus, I believe that the majority's holding also violates this basic rule of statutory construction.

Furthermore, only a strained interpretation of the statute shifts to the accused the burden of proving, as the majority terms it, "reasonable doubt as to the illegality of his alcohol consumption." That interpretation removes from the Commonwealth its constitutionally imposed burden of proving beyond a reasonable doubt every element of the offense. In re Winship, 397 U.S. 358, 364 (1970); Clemmer v. Commonwealth, 208 Va. 661, 666, 159 S.E.2d 664, 667 (1968). It also unlawfully permits a conviction to be had based upon a presumption rather than proof and upon unlawfully shifting the burden of proof to an accused. See Sandstrom v. Montana, 442 U.S. 510, 523-24 (1979). We cannot presume that an element of an offense has been proven beyond a reasonable doubt when no evidence regarding the "illegal" consumption has been introduced.

Because the evidence contains no evidence regarding Mejia's consumption of alcohol, I would hold that the Commonwealth failed to prove beyond a reasonable doubt that Mejia illegally consumed alcohol.  Accordingly, I would reverse the conviction.