BENTON, Judge,
dissenting.
In pertinent part, Code § 18.2-266.1(A) provides as follows:
It shall be unlawful for any person under the age of twenty-one to operate any motor vehicle after illegally consuming alcohol. Any such person with a blood alcohol concentration of 0.02 percent or more by weight by volume or 0.02 grams or more per 210 liters of breath but less than 0.08 by weight by volume or less than 0.08 grams per 210 liters of breath as indicated by a chemical test administered as provided in this article shall be in violation of this section.
The Commonwealth proved that Jacinto Mejia, who was under the age of twenty-one, operated a motor vehicle with a breath alcohol content of .03 grams per 210 liters of breath. Because this conduct alone does not fulfill all the elements necessary to support a conviction under Code § 18.2-266.1(A), I dissent.
Mejia contends that the statute required the Commonwealth to prove that he “illegally” consumed alcohol. The Commonwealth contends that “the word ‘illegally5 is surplusage.” Although the majority disagrees with the Commonwealth, the *179 majority upholds the conviction by constructing an analysis not argued by either party and finding that under the second sentence of the statute Mejia had the burden of proving “a reasonable doubt as to the illegality of his alcohol consumption.” I believe the majority incorrectly reads and applies the statute.
In Virginia, statutory interpretation is governed by the following well established principles:
If [a statute’s] language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. When an enactment is clear and unequivocal, general rules for construction of statutes of doubtful meaning do not apply. Therefore, when the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning. And, when an enactment is unambiguous, extrinsic legislative history may not be used to create an ambiguity, and then remove it, where none otherwise exists.
Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citations omitted). An equally well established principle mandates that when “the statute in question is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.” Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).
To reach the result the Commonwealth urges, the word “illegally” must be read out of the statute. Words in a statute “cannot be ignored” merely to reach a desired result. Board of Supervisors v. Wood, 213 Va. 545, 548, 193 S.E.2d 671, 674 (1973). The use of the word “illegally” in the statute adds content and imparts meaning to the statute and its use does not lead to an “absurd result.” Norfolk Airport Authority v. Nordwall, 246 Va. 391, 395, 436 S.E.2d 436, 438 (1993).
I agree with the majority that “illegally” modifies “consuming alcohol.” This reading of the statute does not lead to an *180 absurd result because a person under twenty-one years of age may legally consume alcohol in various circumstances. For example, persons under the age of twenty-one may lawfully consume alcohol through medicine intake or during religious sacrament, such as the Eucharist or the Seder. See 42 U.S.C. § 2000bb, et seq. (The “Religious Freedom Restoration Act”). Also, many states, including states that border Virginia, allow minors to lawfully consume alcohol in their homes under various circumstances. See, e.g., State v. Mihm, 92 Ohio App.3d 242, 634 N.E.2d 703 (1994); Md. Ann.Code art. 27, § 401A; W. Va.Code § 60-3-22a; Colo.Rev.Stat. Ann. § 18-13-122; Or.Rev.Stat. §§ 471.410 and 471.430; Wash. Rev. Code Ann. § 66.44.270. Indeed, no Virginia law bars a person under the age of twenty-one from consuming an alcoholic beverage at home under the supervision of his or her parent. Cf Code §§ 4.1-200 and 4.1-305.
Because the legislature created a specific statutory offense for a person under the age of twenty-one who has driven after illegally consuming alcohol, we cannot say that such a statute reaches an absurd result. We cannot rewrite the statute by judicial fiat. Without proof that a person under twenty-one years of age illegally consumed alcohol, that person cannot be convicted under Code § 18.2-266.1(A). Virginia has other statutes that prohibit driving while intoxicated. See Code § 18.2-266.
The Commonwealth argues that the legislature did not intend to impose liability only for illegal consumption. Nothing in the statute supports that assertion. The plain language of Code § 18.2-266.1(A) imposes liability only for “illegally consuming alcohol.” Even though the result of a statute may not be what the Commonwealth believes the legislature intended, a court cannot distort or rewrite the statute. See Smith v. Richmond Memorial Hospital, 243 Va. 445, 454, 416 S.E.2d 689, 694, cert. denied, 506 U.S. 967, 113 S.Ct. 442, 121 L.Ed.2d 361 (1992). The word, “illegally,” itself and its placement in the statute are “clear and unambiguous.” Nordwall, 246 Va. at 395, 436 S.E.2d at 438. Thus, we must presume that effect was intended to be given to that word as well as *181 each of the words in. the statute. Rockingham Cooperative Farm Bureau v. City of Harrisonburg, 171 Va. 339, 344, 198 S.E. 908, 910 (1938); King v. Empire Collieries Co., 148 Va. 585, 590, 139 S.E. 478, 479 (1927). If there is any doubt concerning the meaning of a statute, “we are guided by the fundamental principle of statutory construction that penal statutes ‘ “must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.” ’ ” Simmons v. Commonwealth, 16 Va.App. 621, 624, 431 S.E.2d 335, 336 (1993) (citations omitted).
In order to uphold what it deems to be the intent of the legislature, the majority concludes that the term “any such person” at the beginning of the second sentence modifies only the words “any person under the age of twenty-one” in the first sentence. In adopting this interpretation, the majority provides no explanation as to why “any such person” refers only to a portion of the first sentence. I believe this reading of the statute to be flawed.
“Any such person” can only logically refer to a person under age twenty-one who operates a vehicle after illegally consuming alcohol, the subject person specified in the first sentence. Following immediately upon the first sentence, the phrase, “any such person,” can only logically refer to a person fulfilling the entire proscription upon persons described in the first sentence. Contrary to the implication in the majority opinion, the second sentence of the statute is read consistent with the first sentence when “any such person” is read to refer to “any person under the age of twenty-one [who] operate[s] a motor vehicle after illegally consuming alcohol.”
The majority interpretation creates an ambiguity where none exists. Only by truncating the descriptive reference of the first sentence of the statute does the majority achieve the ambiguity that is necessary to its analysis. That unnecessary ambiguity then provides the foundation for the majority’s conclusion that the legislature constructed a statute that requires interpretation by reference to legislative intent.
*182 Even if the statute contained such an ambiguity, the majority’s ultimate conclusion does not follow. Penal statutes “should be construed strictly against the Commonwealth and in favor of the accused.” Frere v. Commonwealth, 19 Va.App. 460, 464, 452 S.E.2d 682, 685 (1995). Thus, if the statute contains two equally likely interpretations, the statute must always be interpreted to favor a citizen’s liberty. Brooks v. Commonwealth, 19 Va.App. 563, 566, 454 S.E.2d 3, 5 (1995). The majority’s interpretation of Code § 18.2-266.1(A) contains fewer elements and imposes a lesser burden on the Commonwealth than the equally reasonable alternative interpretation of the statute I have described. Thus, I believe that the majority’s holding also violates this basic rule of statutory construction.
Furthermore, only a strained interpretation of the statute shifts to the accused the burden of proving, as the majority terms it, “reasonable doubt as to the illegality of his alcohol consumption.” That interpretation removes from the Commonwealth its constitutionally imposed burden of proving beyond a reasonable doubt every element of the offense. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); Clemmer v. Commonwealth, 208 Va. 661, 666, 159 S.E.2d 664, 667 (1968). It also unlawfully permits a conviction to be had based upon a presumption rather than proof and upon unlawfully shifting the burden of proof to an accused. See Sandstrom v. Montana, 442 U.S. 510, 523-24, 99 S.Ct. 2450, 2458-59, 61 L.Ed.2d 39 (1979). We cannot presume that an element of an offense has been proven beyond a reasonable doubt when no evidence regarding the “illegal” consumption has been introduced.
Because the evidence contains no evidence regarding Mejia’s consumption of alcohol, I would hold that the Commonwealth failed to prove beyond a reasonable doubt that Mejia illegally consumed alcohol. Accordingly, I would reverse the conviction.