248

## CIRCUIT COURT OF FAIRFAX COUNTY

Shawn P. Wilson

v.

REMAX Gateway, L.L.C.,
Richard Witsil,
and Suzanne Witsil

Case No. (Law) 199358

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

October 22, 2002

This matter came before the Court for trial on September 16, 2002. The underlying dispute involves a real estate sales contract executed by the parties July 30, 2001, pursuant to which Richard and Suzanne Witsil were to sell and Shawn Wilson was to buy the Witsils' home. In anticipation of settlement, scheduled for August 31, 2001, Mr. Wilson made a $15,000 earnest money deposit.

The contract included a Virginia Jurisdictional Addendum (the "addendum") which, among other things, provided notice of Mr. Wilson's rights under the Virginia Property Owners' Association Act. See Virginia Code Ann. §§ 55-508 to 55-516.2. The addendum, reflecting the language of Virginia Code § 55-511(A), states that Mr. Wilson may cancel the contract within three days after hand-delivered receipt of the association disclosure packet. The addendum, again reflecting the language of Virginia Code § 55-511(A), further states that "written notice of cancellation shall be hand-delivered or mailed, return receipt requested, within the cancellation period to the Seller. Such cancellation shall be without penalty; this Contract shall

become void, both parties will promptly execute a release and the Deposit shall be refunded in full to the Purchaser." See the addendum at ¶ 3.

On August 24, 2001, Scott McDonald, Mr. Wilson's agent, delivered a copy of the Property Owner's Association Disclosure Packet to Mr. Wilson in accordance with Virginia Code § 55-511(A). On August 26, Mr. McDonald sent via facsimile a "release of Contract and Deposit" (the "release") form to the Witsils' agent Diane Lenahan. Mr. Wilson intended the release to cancel the contract between the parties pursuant to the addendum and Virginia Code § 55-511(A) and sought the return of his earnest money deposit. The Witsils refused, claiming that Mr. Wilson's attempted cancellation was invalid under Virginia Code § 55-511(A), and the present controversy ensued.

Specifically, the Witsils claim that Mr. Wilson's attempted cancellation was invalid on the basis that (1) Mr. Wilson failed to serve his notice of cancellation of the contract on the owner as required under the statute; (2) Ms. Lenahan did not have the authority to accept notice of cancellation on the Witsils' behalf; (3) Mr. Wilson did not serve the notice of cancellation by either method prescribed by the statute; and (4) the form of Mr. Wilson's release was inadequate to satisfy the statute. Mr. Wilson counters that compliance with the statute was impossible as the Witsils never provided a home address and, indeed, were out of the country at all time relevant to the present matter. Further, Mr. Wilson claims that he substantially complied with the notice provisions of Virginia Code § 55-511(A) and is thus entitled to the return of his earnest money deposit. I heard evidence and argument from both parties on September 16, 2002, at which time, I took the matter under advisement.

Having considered the parties' arguments, evidence offered at trial, and the relevant statutes and controlling case law, I find that Mr. Wilson is not entitled to the return of his earnest money deposit because he failed to deliver his notice of cancellation by the prescribed method. Virginia Code § 55-511(A), as reflected in the addendum, requires Mr. Wilson to deliver notice of cancellation by hand delivery or United States mail, return receipt requested. I find the language of the statute, and the parties' contract, is clear and unambiguous. I therefore assign its terms their plain meaning. *Norfolk Airport Auth. v. Nordwall*, 246 Va. 391, 394-95, 436 S.E.2d 436, 438 (1993); *Globe Iron Const. Co. v. First Nat'l Bank of Boston*, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965). The statute directs that Mr. Wilson "shall" deliver notice of cancellation by mail or hand delivery. The statute makes no provision for delivery in any alternative form. Had the General Assembly intended to provide for delivery of notice of cancellation by facsimile, it could have included such language in § 55-511(A). Similarly, had the parties intended to alter the delivery requirements in the contract they could have

done so. As written and executed, the contract required Mr. Wilson to deliver notice of cancellation by mail or hand delivery, and the parties are bound by those terms. As a result, Mr. Wilson's attempted notice of cancellation is invalid, and he is not entitled to return of his earnest money deposit.

Mr. Wilson's claim that he could not deliver notice to the Witsil's is well taken, and I find that Mr. Wilson's delivery of his notice of cancellation to the Witsils' agent Diane Lenahan, as opposed to the Witsils, would have satisfied the statute's delivery requirement. By failing to provide a home address, the Witsils made it impossible for Mr. Wilson to deliver notice of cancellation to them either by mail or hand delivery. Moreover, I find that Ms. Lenahan had apparent authority to accept Mr. Wilson's notice of cancellation on the Witsils' behalf. Therefore, Mr. Wilson was entitled to deliver his notice of cancellation to Ms. Lenahan based on her agency status and the impossibility of delivery to the Witsils. However, Mr. Wilson was nonetheless required to make such delivery by the method prescribed under the statute. The Witsils' failure to provide a home address did not prevent Mr. Wilson from delivering his notice of cancellation to Ms. Lenahan by mail or hand delivery. Finally, I find that the release was a satisfactory "notice of cancellation" as required under the statute.

December 2, 2002

This matter came before me on Defendant Richard and Suzanne Witsils' Motion for the Award of Attorney's Fees pursuant to a real estate sales contract executed by the parties July 30, 2001. The underlying controversy involves Plaintiff Shawn P. Wilson's claim to recover his earnest money deposit made in anticipation of settlement under the contract for the purchase of the Witsils' home. Mr. Wilson filed a Warrant in Debt in the Fairfax County General District Court September 21, 2001. The Witsils removed the case to the Circuit Court on October 9, 2001, and a bench trial was held before this Court on September 16, 2002. By Opinion Letter dated October 22, 2002, the Court ruled in the Witsils' favor, denying Mr. Wilson the return of his earnest money deposit. The Witsils now seek recovery of attorneys' fees and costs expended in connection with this litigation.

The contract provides that "the prevailing party will be entitled to receive from the other party reasonable attorney's fees to be determined by the Court." The Witsils' counsel attached to the Motion for an Award of Attorney's Fees a copy of five bills he sent to the defendants during the course of the litigation (November 1, 2001, February 1, 2002, July 2, 2002, September 1, 2002, and October 31, 2002). The five bills consist of a total of six full pages and three

partial pages. Each contains the date certain services were rendered, a cryptic description of the service rendered, the amount of time spent for each service, and the amount charged as a result. In each instance the services were rendered by defense counsel, who is a sole practitioner. No objection was made at the hearing by plaintiff's counsel to the court's considering the bills.

Plaintiff's counsel conceded at the hearing on the present Motion that the defendant was the prevailing party at trial. Defendant's counsel offered no evidence as to the reasonableness of the claimed fees and costs. No expert or lay witness testimony was presented at the hearing, nor were any affidavits introduced.

I find that an award of attorneys' fees is not appropriate under the circumstances of this case, as the defendants have failed to establish the reasonableness of the amount sought. The award of attorney's fees is within sound discretion of the trial court. *Ingram v. Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976). A party seeking an award of attorney's fees must establish the reasonableness of the amount sought. *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven, Ltd. Partnership*, 253 Va. 93, 480 S.E.2d 471 (1997). Ordinarily, expert testimony is required to establish reasonableness, although expert testimony is not always necessary. *Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 403 S.E.2d 334 (1991).

In those cases where no expert testimony as to the reasonableness of attorney's fees is presented, sufficient lay testimony or other evidence is required for the court to determine reasonableness. For example, in *Tazewell Oil Co.*, the evidence as to reasonableness included three hundred pages of the law firm's detailed billing records, plus affidavits from attorneys in the firm as to the accuracy and reasonableness of the bills. *Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94, 413 S.E.2d 611 (1992). In *Byrd v. Byrd*, an unpublished opinion, the evidence as to reasonableness included detailed billing records, as well as testimony from the client against whom the fees were sought that the fees were for services actually rendered, and that the client had requested the services provided. *Byrd v. Byrd*, 98 Vap UNP 2435964 (Va. App. 1998).[1] In *Seyfarth*, the evidence included a contract specifically identifying the attorneys who were to provide the services and the rates they were to charge; the bills produced were consistent with those

---

[1] Although an unpublished opinion of the Court of Appeals has no precedential value, see *Grajales v. Commonwealth*, 4 Va. App. 1, 2, n. 1, 353 S.E.2d 789, 790, n. 1 (1987), a court does not err by considering the opinion's rationale and adopting it to the extent it is persuasive. *Fairfax County Sch. Bd. v. Rose*, 29 Va. App. 32, 43, n. 3, 509 S.E.2d 525 (1999).

contractual provisions; and an attorney from the law firm proffered testimony about the nature of the legal services provided to the defendants, the complexity of those services, the value of those services to the defendants, and that the services were necessary and appropriate. *Seyfarth*, 253 Va. at 97.

In the instant case, I have before me bills sent to the defendants that generally and briefly describe the services rendered, the amount of time required to perform each service, and the resulting cost. I have no evidence as to the necessity to perform those services in connection with this litigation, the reasonableness of the time ascribed to each task, or the reasonableness of the hourly rate charged.

The defendants ask me to determine a reasonable fee, based solely on the bills submitted. I cannot do so under the circumstances of this case. In declining to award attorney's fees to the defendants, I do not find that the charges they incurred were unreasonable in nature or amount. But the burden is on them to prove the reasonableness of the fees they seek to recover, and that has not been demonstrated by the evidence before me.

The defendants' Motion for Attorney's Fees is denied.