## Richmond

BARRY E. BROOKS

v.

COMMONWEALTH OF VIRGINIA

No. 1149-93-2

Decided February 7, 1995

564

COUNSEL

Jerry E. Waldrop; Hudson Law Office, on brief, for appellant. Appellant submitting on brief.

James S. Gilmore, III, Attorney General; Thomas D. Bagwell, Assistant Attorney General, on brief, for appellee. Appellee submitting on brief.

OPINION

**BRAY, J.**—Barry E. Brooks (defendant) was convicted of making a "materially false statement on a consent form" incidental to the purchase of a firearm, in violation of Code § 18.2-308.2:2, and sentenced to ten years imprisonment. Defendant now appeals, complaining that the statement in issue came in response to an inquiry not authorized by the statute and, therefore, not subject to its criminal sanctions.[1] We agree and reverse the conviction.

---

[1] Because we reverse on this issue, we decline to address the remaining question raised on appeal.

The record discloses no substantive dispute in the evidence. On October 2, 1992, defendant entered "Jim's Pawn Shop" in Emporia, Virginia, intending to purchase a firearm. During the transaction, the owner of the store, Randy Capps, assisted defendant in the completion of a preprinted form, entitled "Department of State Police Virginia Firearms Record" (consent form), required by Code § 18.2-308.2:2 as a condition to the purchase of a "firearm." *Id.* A portion of the consent form, designated "8.a." under "CERTIFICATION OF TRANSFEREE (Buyer)," inquired, "Are you under indictment for a felony or have you been charged with a felony in any court, or for a crime punishable by imprisonment for a term exceeding one year?" Defendant responded, "No," although at the time he had been charged, but not indicted, for malicious wounding and possession of cocaine. *See generally* Code § 19.2-216.

Acting in accordance with the provisions of Code § 18.2-308.2:2, Capps telephoned State Police and related the information provided by defendant on the consent form, thereby initiating the "criminal history record information check" prescribed by the statute. *Id.* For reasons not disclosed in the record, State Police refused to approve defendant's firearm purchase. However, he was subsequently charged and convicted for the instant offense arising from the false statement regarding the cocaine and malicious wounding charges.

Code § 18.2-308.2:2 provides, in pertinent part, that

> [a]ny person purchasing from a dealer a firearm . . . shall consent in writing, on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information. Such form *shall* include *only*, in addition to the information required by subdivision B 1, the *identical information required to be included on the firearms transaction record required by regulations administered by the Bureau of Alcohol, Tobacco and Firearms of the U.S. Department of the Treasury.*

*Id.* (emphasis added). The "information" specified in "subdivision B 1" of Code § 18.2-308.2:2 includes the purchaser's "name, birth date, gender, race, and social security and/or any other identification number and the number of firearms . . . to be sold . . . or transferred." *Id.* In pertinent part, the referenced federal

"firearms transaction record," ATF Form 4473, asks: "Are you under *indictment* or *information*[] in any court for a crime punishable by imprisonment for a term exceeding one year?" (emphasis added). A willful, intentional and materially false statement on the consent form *"required"* by the statute constitutes a Class 5 felony. (emphasis added). Code § 18.2-308.2:2(K).

◼ Well established "principles of statutory construction require us to ascertain and give effect to the legislative intent." *Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). "Where the language of a statute is clear and unambiguous, we are bound by that plain statement . . . ." *Commonwealth v. Meadows*, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994). "[W]ords and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." *Woolfolk v. Commonwealth*, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994). "Criminal statutes are to be 'strictly construed against the Commonwealth and in favor of [a] citizen's liberty.'. . . A penal statute must be construed so as to proscribe only conduct which the legislature clearly intended to be within the statute's ambit." *King v. Commonwealth*, 6 Va. App. 351, 354-55, 368 S.E.2d 704, 706 (1988) (citations omitted).

◼ Code § 18.2-308.2:2(A) explicitly and unambiguously limits the inquiries of the consent form *"only*[2] . . . to the information required by subdivision B 1 [of Code § 18.2-308.2:2]" and the federally mandated "firearms transaction record" (emphasis added). Code § 18.2-308.2:2(A). Neither Code § 18.2-308.2:2(B)(1) nor the referenced federal ATF Form 4473 and attendant regulations require information from a prospective firearms purchaser pertaining to criminal *charges*. Therefore, such information is not included in the "criminal history record" contemplated by the statute, is not "required" on the consent form, and is not subject to the criminal sanctions of Code § 18.2-308.2:2(K).[3]

---

[2] The word "only" is defined as "solely, exclusively." *Webster's Ninth New Collegiate Dictionary* 825 (1989).

[3] This opinion addresses only Question 8(a) of the consent form.

Accordingly, defendant's conduct was not violative of the statute, and we reverse the conviction.

*Reversed and final judgment.*

Moon, C.J., and Coleman, J., concurred.