COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


TIMOTHY LEON RICHARDSON

v.   Record No. 0414-94-2                    OPINION BY
                                     CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                SEPTEMBER 26, 1995


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge

            Andrea C. Long (Charles C. Cosby, Jr; Boone,
            Beale, Carpenter & Cosby, on brief), for
            appellant.

            Kathleen B. Martin, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Timothy Leon Richardson appeals his bench trial conviction
for making a willfully and intentionally "material false
statement" on a form required by Code § 18.2-308.2:2 for the
purchase of a firearm.  He argues (1) that the question to which
he answered incorrectly "no", was not a material question, (2)
that the evidence was insufficient to prove that he "willfully
and intentionally" made the false statement on the application
form, and (3) that he could not be convicted of violating Code
§ 18.2-308.2:2 because the evidence was insufficient to prove
that the firearm which he attempted to purchase was capable of
firing a projectile.  We disagree and affirm Richardson's
conviction.

     The evidence presented at trial showed that on April 29,
1993, Richardson appeared before the Henrico County General

District Court for a preliminary hearing on a felony charge of rape.  His case was certified to the circuit court for consideration by a grand jury, and a trial date was set, in the event that the grand jury indicted Richardson, for June 16, 1993.  On May 10, 1993, a grand jury indicted Richardson for rape.

On May 17, 1993, Richardson attempted to purchase a firearm at Richmond Bowhunting and Archery Supply.  Pursuant to Code § 18.2-308.2:2, Richardson was required to fill out a "Virginia Firearms Transaction Record," a form which authorizes a firearms dealer to obtain from the Virginia State Police criminal history record information about the purchaser.  Richardson, who wanted to buy a .38 caliber pistol, completed the form in the store owner's presence.  He answered in the negative questions "8 (a)" and "(b)," which asked if the purchaser was "under indictment for a felony in any court, or for a crime punishable by imprisonment for a term exceeding one year," and if the purchaser had "been convicted in any court of a felony or a crime punishable by imprisonment for a term exceeding one year."  By signing the form, Richardson certified that the answers he gave were "true and correct," that he understood an affirmative response to any of the questions in subpart "8" would prohibit him from purchasing and/or possessing a firearm, and that "the making of any false oral or written statement" regarding the transaction was a felony.

After checking Richardson's criminal history record information, State Police did not approve Richardson's firearm

purchase and later charged him with violating § 18.2-308.2:2 for willfully and intentionally making a false statement on the consent form for buying a firearm. At Richardson's trial on the firearm consent form charge, Special Agent Taylor Roland Blanton testified that on May 20, 1993, he interviewed Richardson at his home about Richardson's attempted firearm purchase. Blanton stated that when he asked Richardson whether he knew that he had been indicted, Richardson responded affirmatively. Blanton then asked him why he answered "no" to the questions. Richardson's excuse was that he did not read the questions.

Richardson testified on his own behalf at trial. He stated that at the time he filled out the firearm consent form, he knew that he had a trial coming up in June for the felony charge of rape, but because he had not been convicted did not think it was against the law for him to purchase a firearm. While Richardson admitted that he knew what it meant to be "charged," he denied that he had knowledge that he had been indicted or that he knew what it meant to be "indicted." Richardson further testified that he had only glanced over the form and did not read the questions addressed to him.

At the close of the Commonwealth's case, Richardson moved to strike the evidence, arguing that the Commonwealth had failed to prove that his statement on the form was a "material" false statement because no evidence proved that the decision to reject Richardson's application on the basis of the false answer was made under federal law, as opposed to state law. Richardson

argued that the State Police's function in reviewing firearm application forms is to determine if the applicant may lawfully possess a firearm, and that while under some circumstances federal law prohibits a person under indictment from possessing a firearm, no state law prohibits possession of a firearm by a person under indictment. Richardson also moved to strike on the basis that the Commonwealth had failed to prove either that he had "willfully and intentionally" made a false statement on the consent form or that he attempted to purchase a "firearm" as defined in Code § 18.2-308.2:2.

## I. Materiality

We first address Richardson's contention that he did not make a "material" false statement on the consent form. We hold that even though no state law prohibits possession of a firearm by a person under indictment, as a matter of law Richardson made a "material" false statement in violation of Code § 18.2-308.2:2, and that the Commonwealth was not required to prove the reason why or the law under which Richardson's firearm's application was denied.

> Code § 18.2-308.2:2(A) provides that:
> [a]ny person purchasing from a dealer a firearm . . . shall consent in writing, on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information. Such form <u>shall include</u> only, in addition to information required by subdivision B 1, the <u>identical information required to be included on the firearms transaction record required by regulations administered by the Bureau of Alcohol, Tobacco and Firearms of the U.S. Department of the Treasury.</u>

(Emphasis added).  "In pertinent part, the referenced federal `firearms transaction record,' ATF Form 4473, asks: `Are you under <u>indictment</u> or <u>information</u>[] in any court for a crime punishable by imprisonment for a term exceeding one year?'" <u>Brooks v. Commonwealth</u>, 19 Va. App. 563, 566, 454 S.E.2d 3, 4 (1995).  A willful and intentional material false statement on the consent form "required" by the statute constitutes a Class 5 felony.  Code § 18.2-308.2:2(K).  It is clear, therefore, that Code § 18.2-308.2:2, alone, mandates that an applicant truthfully respond to the consent form questions which he is required to answer or face the possibility of criminal prosecution.

We distinguish Richardson's case from <u>Brooks</u>.  Brooks' conviction was reversed because Brooks, who also answered "no" to question "8 (a)" falsely, had only been charged, but <u>not</u> indicted, at the time of the attempted firearm's purchase.  19 Va. App. at 565, 454 S.E.2d at 5.  We held that because "[n]either Code § 18.2-308.2:2(B)(1) nor the referenced federal ATF form 4473 and attendant regulations require information from a prospective firearm purchaser pertaining to criminal <u>charges</u>," such information was not "required" on the consent form, and was not subject to criminal sanctions of Code § 18.2-308.2:2(K).  <u>Id.</u>

In this case, the information pertaining to Richardson's criminal indictment was clearly required by the statute.  Thus, by answering question "8 (a)" falsely, Richardson was subject to criminal sanctions under Code § 18.2-308.2:2(K).[1]

_____

[1]  Even if we agreed with Richardson's contention that he

II. Willful and Intentional

Willful, when used in a criminal statute, "generally means an act done with a bad purpose; without justifiable excuse . . . . The word is also employed to characterize a thing done without ground for believing it is lawful. . . ." Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991). "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts that are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).

Special Agent Blanton testified that Richardson told him that he was attempting to purchase the gun for an under-aged friend. When Blanton informed Richardson that such a purchase was a felony, Richardson admitted that he was buying the gun for himself. Richardson also told Blanton that he knew he was under indictment. Furthermore, before filling out the firearm's application, Richardson had signed an agreement setting his felony case for trial. This agreement specified that appellant was charged with a felony and would go to trial if he were

could not be convicted because the Commonwealth failed to put on evidence pertaining to the correct federal law under which his application was denied, we would affirm his conviction because federal law precludes a person from purchasing a firearm if he is under indictment. See 18 U.S.C. § 922(d). At trial, in support of its position, the Commonwealth mistakenly relied on 18 U.S.C. § 922(n). The fact that the Commonwealth did not rely on the applicable statute, i.e., 18 U.S.C. § 922(d), is of no consequence because the trial court, which denied Richardson's motion to strike on materiality grounds, reached the correct result. See Frye v. Commonwealth, 231 Va. 370, 389, 345 S.E.2d 267, 281 (1986).

indicted by the grand jury.

While Richardson testified that he did not know he was under indictment and had failed to read the firearm consent form carefully before signing it, the trial court was not required to believe his testimony and discredit Blanton's testimony. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

Richardson admitted that he signed the firearm consent form. Three days later, he admitted that he knew he had been indicted, but gave as his reason for incorrectly answering the question on the form that he had not read the form carefully. At trial, Richardson added to his reasoning that he did not know what it meant to be indicted, and, therefore, did not know that he had been indicted. From Richardson's conflicting statements, the trial court could have inferred that Richardson was aware that he had been indicted for a felony at the time he filled out the consent form and that he falsely answered the questions in order to procure the weapon.

### III.  Firearm

Richardson maintains that the Commonwealth did not prove that he attempted to purchase a "firearm" as defined in Code § 18.2-308.2:2(G) and further asserts that proof of the weapon's firing capability was required to distinguish antique weapons

- 7 -

which had no firing capability.  Code § 18.2-308.2:2(G) defines "firearm" as "any handgun, shotgun, or rifle which expels a projectile by action of an explosion."  Words in a statute must be given their plain and ordinary meaning.  See Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1992).

Richardson testified that his "intention was to buy a firearm for [his] house protection."  The gun dealer testified that Richardson wanted to purchase the handgun listed on the Virginia Firearms Transaction Record form.  The handgun listed on this form was a .38 caliber pistol.  From this evidence, the trial court could have inferred that Richardson attempted to purchase a firearm as defined in the statute.

For all of the above-stated reasons, the evidence was sufficient to prove beyond a reasonable doubt that Richardson willfully and intentionally made the false statement on the firearms transaction form in violation of Code § 18.2-308.2:2. The conviction is affirmed.

Affirmed.

Benton, J., concurring.


Although I agree with the majority that the consent form required Richardson to respond truthfully to the inquiry whether he was "under an indictment for a felony or . . . charged with a felony in any court," I do not agree that an untruthful response to any of the various inquiries on the consent form constitutes a violation of Code § 18.2-308.2:2.  Indeed, Code § 18.2-308.2:2 by its very terms criminalizes only a "<u>materially</u> false statement on the consent form."  Code § 18.2-308.2:2(K) (emphasis added).

Furthermore, although I agree that Richardson's "No" response was materially false, it was not materially false merely because it was untrue.  It was materially false because it was untrue and it related to a violation of federal criminal laws enacted to control illegal weapon use.  Richardson's argument (<u>i.e.</u>, that Virginia law does not forbid purchase of a firearm by an individual under indictment) does not, in my opinion, define the scope of materiality.  His untrue response to the inquiry at issue was materially false because Code § 18.2-308.2:2 mandates that the form shall incorporate by reference the information designed to determine whether a violation of federal law has also occurred.  That inquiry is a significant tool in Virginia's enforcement of its gun control laws.

I concur in Parts II and III of the majority opinion, and, for the reasons stated above, I join in the judgment affirming the conviction.