COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


BARBARA FAYE ADKINS
                                        OPINION BY
v.         Record No. 0771-97-3    JUDGE SAM W. COLEMAN III
                                        APRIL 21, 1998
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
              William N. Alexander, II, Judge

        Charles J. Strauss (H. Victor Millner, Jr.,
        P.C., on brief), for appellant.

        Steven A. Witmer, Assistant Attorney General
        (Richard Cullen, Attorney General, on brief),
        for appellee.


        Barbara Faye Adkins was convicted in a bench trial for

making a materially false statement on a criminal background

investigation consent form required of prospective firearm

purchasers by Virginia law, in violation of Code

§ 18.2-308.2:2(K).  The sole issue on appeal is whether Code

§ 18.2-308.2:2(K) required the Commonwealth to prove that the

false statement on the form was made in the course of a

transaction with a federally licensed firearms dealer.  For the

reasons that follow, we affirm the conviction.

        Adkins attempted to purchase a Raven .25 pistol from Old

Dominion Gun and Tackle (Old Dominion).  Cleve Easom, an employee

of Old Dominion, required Adkins to complete the requisite

criminal background investigation consent form, Virginia State

Police Form SP-65.  In response to the question:  "Have you ever

been convicted of a felony?" Adkins wrote "No." At trial, Adkins conceded she had been convicted of a felony at the time she completed Form SP-65.

Code § 18.2-308.2:2(K) provides that "[a]ny person willfully and intentionally making a materially false statement on the consent form required in subsection B or C shall be guilty of a Class 5 felony." Subsections (B) and (C) of Code § 18.2-308.2:2 impose the duty upon a firearms "dealer" to obtain consent from a prospective purchaser to perform a criminal background investigation using Virginia State Police Form SP-65 in order to determine whether the prospective purchaser is permitted by Virginia law to carry a firearm. Code § 18.2-308.2:2(G), in turn, defines a "dealer" as "any person licensed as a dealer pursuant to 18 U.S.C. § 921 et seq." Conceding that she made a materially false statement on the consent form when attempting to procure a firearm, Adkins contends the Commonwealth was required to prove not only that the false statement was made on the criminal background consent form but also that such statement was made to a federally licensed firearms "dealer." As a result, she argues, the evidence is insufficient to support her conviction under Code § 18.2-308.2:2(K) because the Commonwealth failed to prove that either Easom or Old Dominion was a federally licensed firearms "dealer." We disagree.

"Where the language of a statute is clear and unambiguous, we are bound by the plain statement of legislative intent."

Commonwealth v. Meadows, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994). We must "take the words as written" in Code § 18.2-308.2:2(K) and give them their plain meaning. Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 277, 381 S.E.2d 24, 26 (1989). In plain and unambiguous terms, Code § 18.2-308.2:2(K) requires only that an accused make the false statement "on the consent form [that dealers must use pursuant to subsection (B) or (C)]." The statute does not require proof that a transaction with a federally licensed dealer occur; the gravamen of the offense is the making of a false statement on the specified form, which is a consent form a dealer is required to obtain. No language in the statute requires the Commonwealth to prove that the accused made the false statement to a federally licensed dealer or in the course of a transaction with a federally licensed firearms "dealer." A false statement by a prospective purchaser on the consent form for the purpose of purchasing a firearm in Virginia falls squarely within the plain terms of subsection (K). If the legislature had intended to forbid only those misrepresentations that are made to licensed dealers, it could have expressed that intent in the language of Code § 18.2-308.2:2(K).

"In construing statutes, courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment." Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989). "Code § 18.2-308.2:2

is part of a statutory scheme reflecting a legislative purpose to interdict the availability and use of firearms by persons previously convicted of felony offenses."  Mayhew v. Commonwealth, 20 Va. App. 484, 490-91, 458 S.E.2d 305, 308 (1995).  Construing Code § 18.2-308.2:2(K) to require proof of a transaction with a licensed dealer adds nothing that effectuates the purpose of the statute.  The statute proscribes every convicted felon's intentional misrepresentation of his or her status on the specified consent form without regard to whether the form is prepared for or submitted to a federally licensed "dealer."  See id. (recognizing that duly licensed firearms dealers are "primary source of firearms lawfully sold," not sole source (emphasis added)).

To adopt Adkins' construction of the statute would add an element to the offense defined by the plain language of subsection (K).  Furthermore, her construction would contravene the statute's purpose by allowing convicted felons to misrepresent their status on the required consent form if perchance the seller is not a legally licensed firearms "dealer."  "[A] statute should . . . be given a reasonable construction which will effect rather than defeat a legislative purpose evident from the history of the legislation."  Ambrogi v. Koontz, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982).  The purpose of Code § 18.2-308.2:2 is not to ensure that criminal background consent forms are used only by federally licensed "dealers";

rather, it strives to prevent convicted felons from procuring firearms by requiring that the applicant file a form certifying that he or she is not a felon and consenting to a background check.

Accordingly, we hold that under Code § 18.2-308.2:2(K), the Commonwealth was not required to prove that Adkins made a materially false statement on the consent form to a federally licensed firearms "dealer." Because the evidence proved that Adkins intentionally made a materially false statement that she was not a convicted felon "on the form required by subsection B or C" when attempting to procure a firearm, we affirm the conviction.

Affirmed.

Benton, J., dissenting.

In accordance with well established principles, "penal statutes must be strictly construed against the Commonwealth and applied only to those cases clearly falling within the language of the statute." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 425 (1992). "Such statutes may not be extended by implication; . . . [a]nd the accused is entitled to the benefit of any reasonable doubt about the construction of a penal statute." Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).

Code § 18.2-308.2:2(K) provides that "[a]ny person willfully and intentionally making a materially false statement on the consent form required in subsection B or C shall be guilty of a Class 5 felony." (Emphasis added). The phrase "required in subsection B or C" modifies the words "consent form." Thus, the statute explicitly links the consent form to a required use in a dealer transaction as described in Code § 18.2-308.2:2(B) or (C).[1] "Dealer" is statutorily defined to mean "any person
_____
[1] In pertinent part, subsection (B) reads as follows:

> 1. No dealer shall sell, rent, trade or transfer from his inventory any such firearm to any other person who is a resident of Virginia until he has (i) obtained written consent as specified in subsection A, and provided the Department of State Police with the name, birth date, gender, race, and social security and/or any other identification number and the number of firearms by category intended to be sold, rented, traded or transferred and (ii) requested and received criminal history

licensed as a dealer pursuant to 18 U.S.C. § 921 et seq." Code § 18.2-308.2:2(G).

When proscribing the making of a materially false statement on "the consent form required in subsection B or C," Code § 18.2-308.2:2(K) clearly delimits the prohibited conduct by reference to the use to be made of the form. In another case involving Code § 18.2-308.2:2(K), this Court gave particular emphasis to the modifying word, "'<u>required</u>.'" <u>Brooks v. Commonwealth</u>, 19 Va. App. 563, 566, 454 S.E.2d 3, 4 (1995). In so doing, the Court noted the following:

> Well established "principles of statutory construction require us to ascertain and give effect to the legislative intent." "Where the language of a statute is clear and unambiguous, we are bound by that plain statement . . . ." "[W]ords and phrases used

(..continued)

> record information by a telephone call to the State Police.

Code § 18.2-308.2:2(B)(1). The pertinent provision of subsection (C) reads as follows:

> No dealer shall sell, rent, trade or transfer from his inventory any firearm, other than a rifle or a shotgun, to any person who is not a resident of Virginia unless he has first obtained from the Department of State Police a report indicating that a search of all available criminal history record information has not disclosed that the person is prohibited from possessing or transporting a firearm under state or federal law. The dealer shall obtain the required report by mailing or delivering the written consent form required under subsection A to the State Police within twenty-four hours of its execution.

Code § 18.2-308.2:2(C).

- 7 -

in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." "Criminal statutes are to be 'strictly construed against the Commonwealth and in favor of [a] citizen's liberty.' . . . A penal statute must be construed so as to proscribe only conduct which the legislature clearly intended to be within the statute's ambit."

Id. at 566, 454 S.E.2d at 4-5 (citations omitted).

If the legislature had intended to proscribe the making of a materially false statement on the form which is provided by the Department of State Police, it would have done so by prohibiting a materially false statement on a consent form of the type specified in Code § 18.2-308.2:2(A).[2] Contrary to the clear wording of the statute, the majority interprets Code § 18.2-308.2:2(K) to prohibit a materially false statement on a consent form as specified in Code § 18.2-308.2:2(A). The statute does not read in that fashion. That interpretation of the

_____

[2]Code § 18.2-308.2:2(A) reads as follows:

Any person purchasing from a dealer a firearm as herein defined shall consent in writing, on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information. Such form shall include only, in addition to the information required by subdivision B 1, the identical information required to be included on the firearms transaction record required by regulations administered by the Bureau of Alcohol, Tobacco and Firearms of the U.S. Department of the Treasury, except that the copies of such forms mailed or delivered to the Department of State Police shall not include any information related to the firearm purchased or transferred.

statute only arises by implication and by reading out of the statute what is explicitly contained in it.

Because the evidence failed to prove that, in a transaction with a "dealer," Barbara Faye Adkins made the statements "on the consent form required in subsection B or C" of Code § 18.2-308.2:2, I would reverse the conviction.