BENTON, Judge,
dissenting.
In accordance with well established principles, “penal statutes must be strictly construed against the Commonwealth and applied only to those cases clearly falling within the language of the statute.” Branch v. Commonwealth, 14 Va.App. 836, 839, 419 S.E.2d 422, 425 (1992). “Such statutes may not be extended by implication; ... [a]nd the accused is entitled to the benefit of any reasonable doubt about the construction of a penal statute.” Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).
Code § 18.2-308.2:2(K) provides that “[a]ny person willfully and intentionally making a materially false statement on the consent form required in subsection B or C shall be guilty of a Class 5 felony.” (Emphasis added). The phrase “required in subsection B or C” modifies the words “consent form.” Thus, the statute explicitly links the consent form to a required use in a dealer transaction as described in Code § 18.2-308.2:2(B) or (C).[1] “Dealer” is statutorily defined to mean “any person *172 licensed as a dealer pursuant to 18 U.S.C. § 921 et seq.” Code § 18.2-308.2:2(G).
When proscribing the making of a materially false statement on “the consent form required in subsection B or C,” Code § 18.2-308.2:2(K) clearly delimits the prohibited conduct by reference to the use to be made of the form. In another case involving Code § 18.2-308.2:2(K), this Court gave particular emphasis to the modifying word, “ ‘required,.’ ” Brooks v. Commonwealth, 19 Va.App. 563, 566, 454 S.E.2d 3, 4 (1995). In so doing, the Court noted the following:
Well established “principles of statutory construction require us to ascertain and give effect to the legislative intent.” “Where the language of a statute is clear and unambiguous, we are bound by that plain statement....” “[W]ords and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest.” “Criminal statutes are to be ‘strictly construed against the Commonwealth and in favor of [a] citizen’s liberty.’ ... A penal statute must be construed so as to proscribe only conduct which the legislature clearly intended to be within the statute’s ambit.”
Id. at 566, 454 S.E.2d at 4-5 (citations omitted).
If the legislature had intended to proscribe the making of a materially false statement on the form which is provided by the Department of State Police, it would have done so by prohibiting a materially false statement on a consent form of the type specified in Code § 18.2-308.2:2(A).[2] Contrary to the *173 clear wording of the statute, the majority interprets Code § 18.2-308.2:2(K) to prohibit a materially false statement on a consent form as specified in Code § 18.2-308.2:2(A). The statute does not read in that fashion. That interpretation of the statute only arises by implication and by reading out of the statute what is explicitly contained in it.
Because the evidence failed to prove that, in a transaction with a “dealer,” Barbara Faye Adkins made the statements “on the consent form required in subsection B or C” of Code § 18.2-308.2:2,1 would reverse the conviction.

. In pertinent part, subsection (B) reads as follows:
1. No dealer shall sell, rent, trade or transfer from his inventory any such firearm to any other person who is a resident of Virginia until he has (i) obtained written consent as specified in subsection A, and provided the Department of State Police with the name, birth date, gender, race, and social security and/or any other identification number and the number of firearms by category intended to be sold, rented, traded or transferred and (ii) requested and received criminal history record information by a telephone call to the State Police.
Code § 18.2-308.2:2(B)(1). The pertinent provision of subsection (C) reads as follows:
No dealer shall sell, rent, trade or transfer from his inventory any firearm, other than a rifle or a shotgun, to any person who is not a resident of Virginia unless he has first obtained from the Department of State Police a report indicating that a search of all available criminal history record information has not disclosed that the person *172 is prohibited from possessing or transporting a firearm under state or federal law. The dealer shall obtain the required report by mailing or delivering the written consent form required under subsection A to the State Police within twenty-four hours of its execution.
Code § 18.2-308.2:2(C).

. Code § 18.2-308.2:2(A) reads as follows:
Any person purchasing from a dealer a firearm as herein defined shall consent in writing, on a form to be provided by the Department of State Police, to have the dealer obtain criminal history record information. Such form shall include only, in addition to the information required by subdivision B 1, the identical information re *173 quired to be included on the firearms transaction record required by regulations administered by the Bureau of Alcohol, Tobacco and Firearms of the U.S. Department of the Treasury, except that the copies of such forms mailed or delivered to the Department of State Police shall not include any information related to the firearm purchased or transferred.