ELDER, J.,
with whom HUMPHREYS, J., joins, concurring in the result.
I concur in the result but disagree with the majority’s conclusion that the crime defined in Code § 18.2-308.2:2, which proscribes “willfully and intentionally ” making a materially false statement on any “firearm transaction records as may be required by federal law,” “parallels] ” the federal crime defined in 18 U.S.C. § 922(a)(6), which proscribes “knowingly ” making a materially false statement. (Emphases added). Thus, I find unpersuasive and inappropriate the majority’s heavy reliance on cases interpreting the scienter required by the federal statute, particularly as such a discussion may impact future interpretation of other Virginia stat *327 utes proscribing acts done “willfully and intentionally.” See generally 1 Wayne R. LaFave, Substantive Criminal Law 341 (2d ed.2003) (noting the traditional view of criminal intent often equated doing something intentionally with doing something knowingly, but that “the modern approach is to define separately the mental states of knowledge and intent” (emphasis added)).
Nevertheless, I agree that the evidence is sufficient to support Smith’s conviction. “To be willful, conduct ‘must be knowing or intentional, rather than accidental, and be done without justifiable excuse, without ground for believing the conduct is lawful, or with a bad purpose.’ ” Jones v. Commonwealth, 272 Va. 692, 699, 636 S.E.2d 403, 406 (2006) (quoting Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004)). Although, per the quoted definition from Jones, conduct is willful if it is either knowing or intentional, Code § 18.2-308.2:2 requires that the willful conduct was also intentional. Thus, mere knowing conduct will not suffice to support a conviction under that statute. Cf. Riegert v. Commonwealth, 218 Va. 511, 518, 237 S.E.2d 803, 808 (1977) (in assessing the sufficiency of the evidence to prove larceny by false pretenses, holding that “merely showing ... the accused knowingly stated what was false is not sufficient” and that “there must also be proof that his intent was to defraud”). Here, Smith’s conduct was intentional if he engaged in it with a conscious desire, intent, or purpose that a particular result would follow.
“Intent is the purpose formed in a person’s mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person’s conduct or by his statements.” See, e.g., Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). In weighing a witness’ testimony, including the testimony of a defendant, the trier of fact may “accept some parts as believable and reject other parts as implausible.” Pugliese v. Commonwealth, 16 Va.App. 82, 92, 428 S.E.2d 16, 24 (1993). The evidence, viewed in light of these principles, supports the trial court’s finding that *328 Smith intentionally made a materially false statement on the ATF Form 4473 he completed.
Question ll.b. of the ATF Form 4473 Smith completed[2] inquired as follows: “Are you under indictment or information in any court for a felony, or any other crime, for which the judge could imprison you for more than one year? (An information is a formal accusation of a crime by a prosecutor. See Definition 3.)” Definition 3 of the form indicates that the question applies to “[a]n indictment, information, or conviction in any Federal, State, or local court.” Smith admitted knowing when he completed the form on November 15, 2007, that he stood charged with a felony and that the maximum punishment he faced “[w]as ... over a year.” He also admitted that when he had previously appeared in district court and waived his right to a preliminary hearing as to that charge, a prosecutor was involved, and that he had received a letter “somewhere close to November 7, 2008,” from his attorney, which informed him that his trial date had been “preset” for January 11, 2008. Finally, he testified he did not know what an indictment was but claimed that he “didn’t think [he] was under indictment” when he completed the form. The trial court found that Smith “doesn’t know what the word indictment means,” but that “[a]s far as the process is concerned, ... the evidence shows that he knew what was going on.” (Emphasis added).
Thus, the evidence, viewed in the light most favorable to the Commonwealth, supported a finding that, when Smith completed the form and answered, “No,” to question ll.b., he had already appeared in lower court with a prosecutor and knew he was scheduled to be tried in “another court,” “the next step *329 up,” for a felony for which he faced a maximum punishment of “over a year.” Despite knowing these things, and knowing, as the express language in question ll.b. indicated, that “[a]n information is a formal accusation of a crime by a prosecutor,” (emphasis omitted), he answered, “No,” to the question, “Are you under indictment or information in any court for a felony, or any other crime, for which the judge could imprison you for more than one year?” Because Smith knew all these things, he could not truthfully answer “No” to question ll.b., regardless of whether he knew what an indictment was.
Thus, the evidence supported a finding that Smith acted intentionally — with a conscious desire, intent or purpose to complete the form in a manner that would enable him to purchase a firearm — without regard for whether his answers were accurate or for whether he was permitted by law to purchase a firearm. Accordingly, I concur in the majority’s ruling affirming Smith’s conviction.

. The version of the form Smith completed indicates it was "[r]evised May 2007.” This version of the form contains language that has been added to question ll.b. since the Court quoted the form in Richardson v. Commonwealth, 21 Va.App. 93, 98, 462 S.E.2d 120, 123 (1995) (quoting Broolcs v. Commonwealth, 19 Va.App. 563, 566, 454 S.E.2d 3, 4 (1995)), the version of the form the majority quotes in its analysis in the instant case. The May 2007 version of question 1 l.b. includes the word "felony,” which is not contained in the version of the form quoted in Richardson.