COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Decker
Argued at Norfolk, Virginia


**PUBLISHED**

BRUCE EDISON PARHAM

                                                    OPINION BY
v.       Record No. 0772-14-1        JUDGE MARLA GRAFF DECKER
                                                    APRIL 7, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Kimberly E. Karle, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Bruce Edison Parham appeals his conviction for making a materially false statement on a

form completed in conjunction with a firearm transaction, in violation of Code

§ 18.2-308.2:2(K).  He argues that the evidence was insufficient to support his conviction

because the Commonwealth failed to prove that he was aware that he was under indictment at the

time that he completed the form.[1]  We hold that the evidence was sufficient to support the

conviction.  Consequently, we affirm the judgment of the trial court.

---

[1] The appellant's single assignment of error reads, "The trial court erred in convicting
Appellant because there was insufficient evidence that Appellant willfully and intentionally
made a false statement on a firearm transaction form because there was no evidence that
Appellant actually knew he was under indictment at the time he filled out the form."  To the
extent that the argument portion of the appellant's brief appears to question the legal standard
applied by the trial court in finding him guilty, his counsel clarified at oral argument that the
assignment of error solely challenges the sufficiency of the evidence to support the conviction.

## I. BACKGROUND[2]

At the appellant's trial for making a materially false statement on a federal form in connection with a purchase of a firearm, the Commonwealth presented undisputed evidence that the appellant falsely represented on a federal firearms transaction form that he was not "under indictment or information in any court for a felony, or any other crime, for which the judge could imprison [him] for more than one year." The only issue that the appellant contested at trial was whether he understood that he was under indictment at the time that he completed the form and attested to its accuracy.

Jeremy Allen Reynolds testified that on July 7, 2013, he worked as a retail clerk for Bass Pro Shops selling firearms. As part of his employment duties, Reynolds was responsible for administering federal and state firearm transaction forms. The appellant was a customer. Reynolds stated that he gave the appellant the firearm transaction forms and the appellant completed them. He also explained that the store personnel never filled out the forms for the purchasers.

Over seven weeks before the appellant attempted to buy the firearm, he was indicted for a felony. Twelve days before the attempted purchase, he appeared in circuit court, and his case was continued.

Brenda Stokes, a Virginia State Trooper, testified that she investigated the appellant's offense related to his application to buy a firearm. When she interviewed the appellant, he told her that the store clerk completed the application for him. The appellant admitted that he had been arrested and the case was still "pending."

---

[2] On appeal, we view "'the evidence in the light most favorable to the Commonwealth.'" Fritter v. Commonwealth, 45 Va. App. 345, 351, 610 S.E.2d 887, 890 (2005) (quoting Clark v. Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999)).

After the close of the Commonwealth's case-in-chief, the appellant moved to strike the evidence. He argued that the evidence did not prove that he knew that he was under indictment and, as a result, did not support a finding that his giving of a materially false statement was willful and intentional. The trial court denied the motion. In doing so, it observed that the appellant admitted that he had "a case pending," which the court described as "a term of art." The court imputed "some understanding" to the appellant based on his use of the phrase.

The appellant testified in his defense. He stated that at the time he completed the firearm transaction form he "had no idea what indictment" meant. The appellant acknowledged, however, that he knew his court dates and that he had been charged with a felony. He also admitted that he had appeared in general district court and understood that his case had been transferred to circuit court. The appellant noted one appearance, during which his case was continued in order to appoint a new attorney. He claimed that when he completed the firearm transaction form, Reynolds "told [him] just to mark no on everything unless [he had] been convicted of a felony." The appellant explained that although he read the form, he did not do so carefully or completely, and instead relied on Reynolds' explanation of the form. In response to the court's questions, the appellant admitted that he specifically read the portion of the form pertaining to an indictment, but added that he did not know what the word meant nor did he ask Reynolds about it.

After the close of the appellant's case, he again moved to strike the evidence. He maintained that the Commonwealth failed to prove that he provided the untruthful information in a willful and intentional manner. He relied on Smith v. Commonwealth, 282 Va. 449, 718 S.E.2d 452 (2011), to support his argument that the Commonwealth failed to show that he received notice of the indictment or understood the term. The appellant stressed that evidence that he "didn't know what indictment meant . . . but he answered it anyway" was not sufficient to

constitute a violation of the statute. The Commonwealth responded that the length of time that passed between the appellant's indictment and his attempted firearm purchase, combined with the appellant's inconsistent statements, provided circumstantial evidence sufficient to support the inference that the appellant knew that he had been indicted.

The trial court denied the motion and found the appellant guilty of making a materially false statement on a form in connection with a firearm transaction, in violation of Code § 18.2-308.2:2(K). The appellant was sentenced to five years in prison, with all the time suspended.

## II. ANALYSIS

The appellant argues that the trial court erred by finding the evidence sufficient to convict him of making a false statement in connection with a firearm transaction. Relying on Smith, 282 Va. 449, 718 S.E.2d 452, he contends that the Commonwealth failed to prove that he had actual knowledge that he was under criminal indictment. The Commonwealth responds that Smith is distinguishable because in that case the defendant had not made any court appearances.

This Court applies a well-established standard when reviewing the sufficiency of the evidence to support a criminal conviction. We examine "'the evidence in the light most favorable to the Commonwealth.'" Fritter v. Commonwealth, 45 Va. App. 345, 351, 610 S.E.2d 887, 890 (2005) (quoting Clark v. Commonwealth, 30 Va. App. 406, 409-10, 517 S.E.2d 260, 261 (1999)). In doing so, the Court "'discard[s] all evidence of the accused that conflicts with that of the Commonwealth and regard[s] as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible'" from that evidence. Henry v. Commonwealth, 63 Va. App. 30, 37, 753 S.E.2d 868, 871 (2014) (quoting Holcomb v. Commonwealth, 58 Va. App. 339, 346, 709 S.E.2d 711, 714 (2011)).

The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder and its judgment is afforded the same weight as a jury verdict. E.g., Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011). In our review of the sufficiency of the evidence, we must affirm the conviction unless the trial court was plainly wrong or the conviction lacked evidence to support it. Code § 8.01-680; see, e.g., Maldonado-Mejia v. Commonwealth, 287 Va. 49, 54, 752 S.E.2d 833, 835 (2014).

The law is also clear that determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact. Richardson v. Commonwealth, 21 Va. App. 93, 99, 462 S.E.2d 120, 124 (1995). The fact finder is not required to believe all aspects of the testimony of a witness. Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc). Instead, it may "accept the parts of a witness' testimony it finds believable and reject other parts as implausible." Id. Finally, "[i]f the evidence is sufficient to support the conviction," the reviewing appellate court will not "substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the [fact finder]." Jordan v. Commonwealth, 286 Va. 153, 156-57, 747 S.E.2d 799, 800 (2013).

It is under these familiar standards that we conduct our review of this case.

Code § 18.2-308.2:2(K) provides, in pertinent part, that "[a]ny person willfully and intentionally making a materially false statement . . . on such firearm transaction records as may be required by federal law, shall be guilty of a Class 5 felony." The language of the statute reflects the General Assembly's intent "to impose upon the Commonwealth a very strict standard of scienter in prosecutions." Smith, 282 Va. at 455, 718 S.E.2d at 455. The Commonwealth is required to prove "that the defendant had *actual knowledge* that his statement was false when he made it." Id. (emphasis added). Stated more specifically, "[t]here must be evidence to support a finding that he knew the truth but nevertheless intended to, and did, utter a falsehood." Id.

- 5 -

The appellant's actual knowledge and intent are factual determinations to be decided by the trier of fact. E.g., Tooke v. Commonwealth, 47 Va. App. 759, 766, 627 S.E.2d 533, 536 (2006); Richardson, 21 Va. App. at 99, 462 S.E.2d at 123. A defendant's intent, due to its very nature, "may, and often must, be inferred from the facts and circumstances in [the] particular case." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). Circumstantial evidence is treated in the same manner as direct evidence. See Chambliss v. Commonwealth, 62 Va. App. 459, 465, 749 S.E.2d 212, 215 (2013). It "'is as competent and is entitled to as much weight.'" Id. (quoting Salcedo v. Commonwealth, 58 Va. App. 525, 535, 712 S.E.2d 8, 12 (2011)).

The record supports the trial court's conclusions that the appellant knew that he was under indictment at the time that he completed the form and that he willfully and intentionally provided the false answer. The evidence showed that the appellant had multiple inconsistent explanations of why he answered the question in the manner in which he did. He initially told Trooper Stokes that the store clerk filled out the form for him. After the clerk contradicted this earlier statement through his testimony that the appellant completed the form himself, the appellant testified that he did not read the questions and simply answered all the questions on the form "no" as instructed by the clerk. During cross-examination, the appellant offered a third version of events when he conceded that he had specifically read the question asking whether he had been indicted. The fact finder was entitled to believe the store clerk and infer that the appellant's inconsistent statements were additional evidence of his guilt. See Taylor v. Commonwealth, 61 Va. App. 13, 31, 733 S.E.2d 129, 138 (2012) ("'A defendant's false statements are probative to show he is trying to conceal his guilt, and thus [are] evidence of his guilt.'" (quoting Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991))); see also Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993)

("[T]he fact finder is not required to believe all aspects of a defendant's statement or testimony . . . .").

Further, the appellant admitted to Stokes that he had been arrested and that the case was still "pending." At trial, the appellant acknowledged that at the time he completed the form, he knew he "had been charged under warrants with a felony." Additionally, the appellant stated that he appeared in general district court and was notified that his case had transferred to circuit court. He knew that he "went to court" on July 26 and that his case was continued in order to appoint a new attorney to represent him. The continuance order entered into evidence reflects that the appellant received the continuance in circuit court only twelve days before he attempted to buy the firearm. This evidence supports the findings that the appellant was aware that he was under indictment when he completed the form and knew "that his statement was false when he made it." See Smith, 282 Va. at 455, 718 S.E.2d at 455.

The case upon which the appellant relies, Smith, 282 Va. 449, 718 S.E.2d 452, does not compel a different outcome. In that case, at the time that the defendant falsely completed the firearm transaction form, he had been arrested on a felony charge and released on bond. Id. at 452, 718 S.E.2d at 453. Although he had received a letter from his attorney stating that his case had been certified to the grand jury, his lawyer had not notified him of his subsequent indictment, which occurred only two days before he attempted to buy a handgun. Id. at 452, 718 S.E.2d at 453-54. Further, Smith had not been arraigned by the circuit court. Id. The Supreme Court has subsequently recognized that circumstantial evidence that a defendant knew that he or she was under indictment can overcome a claim to the contrary. See Maldonado-Mejia, 287 Va. at 56, 752 S.E.2d at 836-37.

Here, consistent with the legal standard espoused in Smith and Maldonado-Mejia, viewing the evidence in the light most favorable to the Commonwealth, a rational fact finder

could have concluded that the appellant had been to court and understood that he was under indictment until his case was resolved. As discussed *supra*, the witnesses' testimony, combined with the evidence of the appellant's court appearances, provided a sufficient basis for the trial court to infer that he knew the meaning of the term "indictment" at the time he completed the federal firearm transaction form. For these reasons, the trial court's findings that the appellant knew that he was under indictment and acted intentionally and willfully were not plainly wrong or without evidence to support them.

### III. CONCLUSION

We hold that the evidence was sufficient to prove that the appellant intentionally and willfully made a materially false statement on a form completed in conjunction with a firearm transaction, in violation of Code § 18.2-308.2:2(K). Consequently, we affirm the conviction.

<u>Affirmed.</u>