COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Chief Judge Decker, Judges Fulton and Ortiz
Argued by videoconference


DOUGLAS LEON MINER

                                                    OPINION BY
v.         Record No. 1964-22-1          JUDGE JUNIUS P. FULTON, III
                                                  MARCH 12, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge[1]

Brook M. Thibault (The Coastal Virginia Law Firm, on brief), for
appellant.

Andrew T. Hull, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Douglas Leon Miner appeals his conviction in a bench trial for making a materially false

statement on a criminal history information check in connection with the purchase of a firearm, in

violation of Code § 18.2-308.2:2(K). Miner challenges his conviction on three grounds: 1) his

conduct was not unlawful under the language of the statute; 2) even if his alleged conduct was

unlawful, the evidence adduced against him was not sufficient to sustain a conviction under the

statute; and 3) the Due Process Clause of the Fourteenth Amendment requires that his conviction be

reversed, given that he relied on the statements of a public officer before allegedly making the false

statement. Finding no error, we affirm.

---

[1] Judge Hutton retired on February 1, 2023.

BACKGROUND[2]

On April 4, 2018, Miner was indicted in the Norfolk Circuit Court for burglary. On August 21, 2018, he entered into a plea agreement with the Commonwealth on this charge. Under the agreement, adjudication of the charge would be deferred until August 17, 2020, upon which date it would be reduced to a misdemeanor subject to Miner's compliance with the terms of the agreement.

On September 18, 2019, Miner attempted to purchase a .22 rifle at the Bass Pro Shop in the City of Hampton. As part of the purchase process, Miner was required to complete criminal history check forms—ATF Form 4473 and Virginia State Police Form SP-65. At the time, ATF Form 4473, question 11(b), inquired: "Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year?" Miner answered "No."

Virginia State Police Trooper Luis Aviles was notified of Miner's attempted purchase by the Firearm Transaction Center and began an investigation. During an interview on October 21, 2019, Trooper Aviles advised Miner that he was investigating him for a possible firearms violation and showed Miner copies of the transaction forms that Miner had completed during his attempted purchase on September 18, 2019.

At trial, Trooper Aviles testified that Miner acknowledged that he had marked "No" on ATF Form 4473 question 11(b). Trooper Aviles also informed Miner that when he completed the form, Miner was under felony indictment for burglary and petit larceny in Norfolk. Miner answered that

---

[2] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

he thought his felony charge had been reduced to a misdemeanor "and that when he returned to court next year, all he would do is a few days in jail." During cross-examination, Trooper Aviles testified that Miner stated that his "attorney said that he was good as far as trying to purchase a firearm."

The Commonwealth offered Exhibit 1, a document that included an indictment and plea agreement from the Circuit Court of the City of Norfolk dated August 21, 2018. Before admitting the document into evidence, the trial court noted that it was "three pages in length" and discussed "a plea agreement that was entered with a Douglas Leon Miner, and that occurred on August 21, 2018." The trial court specifically asked defense counsel, "Any objection to this document?" Miner's attorney stated that he had "[n]o objection," and the trial court admitted the three-page document into evidence. The Commonwealth also introduced Exhibit 2, the ATF Form 4473 on which Miner answered that he was not under indictment.

Miner moved to strike at the conclusion of the Commonwealth's evidence, arguing that the evidence was insufficient because the Commonwealth had not presented a certified copy of an indictment to demonstrate that he was "under indictment" at the relevant time. Absent such a certified copy, he argued, the evidence proved only that Miner entered into a plea agreement on a felony *charge*, but did not establish whether he remained under indictment at the time he purchased the firearm. Miner also argued that his answering "No" to whether he was under indictment is not a chargeable offense because, in his view, making a false statement on the ATF Form 4473 is not an offense under Code § 18.2-308.2:2(K). The trial court took Miner's motion to strike under advisement, directed the parties to brief it, and suspended the trial.

In his written brief, Miner reiterated his argument that the Commonwealth's evidence was insufficient because the Commonwealth "failed to present a certified indictment thus failing to prove an essential element of the crime charged." Miner also restated his argument that "the

legislative intent of 18.2-308.2:2(K) was to NOT criminalize any statement made under ATF [Form 4473] question 11(b)." (Capitalization in original). Finally, Miner argued that he had reasonably relied upon the advice of a "government official"—his private attorney—that he could legally purchase a firearm.

Following several continuances, trial resumed on July 26, 2022.[3] The trial court denied Miner's motion to strike and convicted him of willfully and knowingly making a materially false statement in connection with a background check for a firearms purchase, in violation of Code § 18.2-308.2:2. On November 29, 2022, the trial court fixed Miner's sentence at five years of incarceration, suspending the entire sentence contingent upon Miner's good behavior for five years and successfully completing a term of supervised probation. This appeal followed.

ANALYSIS

I. Sufficient evidence was presented that Miner was under indictment.

Miner argues on appeal that the evidence was insufficient to sustain his conviction because the "trial court erred by admitting into evidence a copy of the previous indictment, over appellant's objection, and in violation of appellant's due process rights, and after the Commonwealth rested." We disagree.

---

[3] Miner did not timely file the transcript for the second day of trial on July 26, 2022, thus it was not properly made part of the record, and we cannot consider it. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). This Court may extend the deadline "upon a written motion filed within 90 days after the entry of final judgment." *Id.* Miner obtained an extension to file transcripts until February 27, 2023, but he failed to file the July 26, 2022 transcript by the deadline. "[I]t is axiomatic that an appellate court's review of the case is limited to the record on appeal." *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986). In the absence of a transcript or written statement of facts pertaining to the July 26, 2022 proceedings, our review of Miner's arguments on appeal is limited to the written briefs in closing submitted pursuant to the trial court's order, and other materials properly admitted into the record.

At the beginning of its case on November 5, 2021, the Commonwealth sought admission of Exhibit 1, a plea agreement between Miner and the Commonwealth in Norfolk Circuit Court concerning a felony burglary charge and a misdemeanor petit larceny charge. The trial court inquired of Miner's counsel whether he had any objection to the admission of this document, to which counsel replied "[n]o objection." Under the agreement, the parties stipulated that there was sufficient evidence for a finding of guilt on the charges, but the adjudication of those charges was deferred until August 17, 2020. On that date, if Miner had complied with the terms of the agreement, the felony burglary charge would be reduced to a misdemeanor and Miner would spend one month in jail.

At the conclusion of the Commonwealth's case, Miner moved to strike the "evidence as insufficient," in part because the trial court erred in admitting the copy of the indictment contained in Exhibit 1. Arguing in support of his motion to strike at trial, Miner argued that the plea agreement entered into evidence could have been "disposed of in some way," or the underlying charge "may have been dismissed," before he denied being under indictment on the ATF Form 4473. Miner further argued that "the appropriate and proper way to adjudicate this would have been to present the actual certified copy of the indictment." The trial court took his motion under advisement and ordered the parties to submit written briefs concerning the motion to strike.[4] The trial court subsequently overruled Miner's motion and convicted him of the charge.

On appeal, Miner alleges that "[s]urprisingly . . . after the Commonwealth rested, the trial [c]ourt found a 'copy' of the 'indictment' [i]n the [c]ourt[']s file" and that the trial court entered this document into evidence "sua sponte," though "no motion to offer it into evidence was made by the Commonwealth." The record before us plainly contradicts this claim. The trial court described the

---

[4] The trial court heard argument on the parties' written closing arguments on July 26, 2022. Because Miner did not timely file this transcript, however, we do not consider it here.

- 5 -

exhibit on the record during the first day of trial as "apparently from the Circuit Court from the City of Norfolk. It is *three pages* in length. It talks about a plea agreement that was entered with Douglas Leon Miner, and that occurred on August 21, 2018." (Emphasis added). Exhibit 1 itself is in the record. As the trial court observed, it is three pages long. Affixed to the back of the third page at the bottom right corner, is a label identifying the document as "Commonwealth's Exhibit #1," dated November 5, 2021. This label is identical in all respects to the label applied to the back of Exhibit 2, a copy of the ATF Form 4473, including the size and color of the label itself, the font and color of the printed text, and the handwriting and color of ink used on the handwritten label entries. The first two pages of the exhibit consist of a plea agreement between Miner and the Commonwealth discussed above. The third page consists of a copy of the underlying indictment for burglary entered on April 4, 2018. Pages 2 (signature page of the plea agreement) and 3 (indictment) bear the raised seal of Norfolk Circuit Court, a stamp of the Clerk of the Norfolk Circuit Court confirming the document as a "Copy Teste," a handwritten signature, and a handwritten date of December 13, 2019. The handwriting on both is identical.

"[E]very act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." *James v. Commonwealth*, 18 Va. App. 746, 751 (1994) (quoting *Parke v. Raley*, 506 U.S. 20, 30 (1992)). The clerk of the Norfolk Circuit Court certified that the copy of the indictment was what it appeared to be before Miner's trial. Given the facts on the record, "it [was] not an abuse of discretion to admit" the plea agreement and indictment, letting "what doubt there may be go to the weight to be given the evidence." *Brown v. Commonwealth*, 21 Va. App. 552, 556 (1996) (quoting *Reedy v. Commonwealth*, 9 Va. App. 386, 391 (1990)).

"[A] trial court does not err by admitting evidence that is material and relevant . . . . [W]hen we consider the sufficiency of the evidence . . . we review the totality of the evidence to determine whether it was sufficient to prove an offense." *Bowling v. Commonwealth*, 51 Va. App. 102, 107

(2007) (internal citation omitted). The copy of the indictment admitted as part of Exhibit 1 was clearly both material and relevant, and taken in its entirety, the evidence in the record was more than sufficient to enable a rational factfinder to conclude that Miner was under indictment when he denied such on the ATF Form 4473.

## II. Miner's conduct was proscribed by Code § 18.2-308.2:2.

Relying on our decision in *Brooks v. Commonwealth*, 19 Va. App. 563 (1995), Miner argues that his conduct was not unlawful. The statute, Miner argues, "only criminalizes false statements to questions required or enumerated under Sections B and C"; he argues further that "the legislative intent of [the statute] was to NOT criminalize any statement made under ATF question 11(b)" and "the answer to the question 'are you under indictment' was never meant to be criminalized."

Miner misreads *Brooks*. Code § 18.2-308.2:2(K) reads, "Any person willfully and intentionally making a materially false statement on the consent form required in subsection B or C *or on such firearm transaction records as may be required by federal law* shall be guilty of a Class 5 felony." (Emphasis added). The defendant in *Brooks* had been *charged* with a felony but not *indicted*. He was subsequently "convicted of making a 'materially false statement on a consent form' incidental to the purchase of a firearm, in violation of Code § 18.2-308.2:2." *Brooks*, 19 Va. App. at 564. Our decision in *Brooks* turned on the distinction between a criminal *charge* and an *indictment*. The Court explained that "[n]either Code § 18.2-308.2:2(B)(1) nor . . . ATF Form 4473 and attendant regulations require information from a prospective firearms purchaser pertaining to criminal *charges*." *Id.* at 566. Rather, the Court continued, "ATF Form 4473, asks: 'Are you under *indictment*.'" *Id.* (emphasis added). Since Brooks had merely been *charged*, but not *indicted*, he did not violate Code § 18.2-308.2:2(K) when he answered "No" in response to this question.

We addressed this distinction again in *Richardson v. Commonwealth*, 21 Va. App. 93 (1995). In that case the defendant denied being under indictment when attempting to purchase a firearm. "We distinguish[ed] Richardson's case from *Brooks* . . . who . . . had only been charged, but *not* indicted, at the time of the attempted firearm's purchase." *Id.* at 98 (citing *Brooks*, 19 Va. App. at 565). Unlike Brooks, Richardson *was* under indictment. *Id.* at 96. "Thus, by answering [the question about whether he was under indictment] falsely, Richardson was subject to criminal sanctions under Code § 18.2-308.2:2(K)." *Id.* at 98; *see also Maldonado-Mejia v. Commonwealth*, 287 Va. 49, 55 (2014) (stating "that Code § 18.2-308.2:2(K) applies to ATF Form 4473").

*Richardson* controls here. Miner was under indictment at the time he attempted to purchase the firearm. His denial of that fact on the ATF Form 4473 was a "materially false statement" made in violation of Code § 18.2-308.2:2(K).

### III. Miner's privately retained attorney was not a public officer.

Asserting the doctrine of good faith reliance articulated in *Palmer v. Commonwealth*, 48 Va. App. 457 (2006), Miner argues that when he attempted to purchase the firearm, he was relying on the advice of his attorney, that he was legally entitled to rely on such advice, and that the trial court should have granted his motion to strike on that basis. Because his former attorney was an "officer of the court" and at the time was "his actual counsel for the underlying charges" in the indictment, Miner argues that he relied "reasonab[ly] and in good faith" on his former attorney's advice as a "public officer or body charged by law with responsibility for defining the permissible conduct with respect to the offense at issue."

In *Palmer* we reiterated a doctrine recognized in *Miller v. Commonwealth*, 25 Va. App. 727 (1997), that a "due process defense [is] available to a defendant who is on trial 'for reasonably and in good faith doing that which he was told he could do,' by 'a public officer or

body charged by law with responsibility for defining permissible conduct with respect to the offense at issue.'" 48 Va. App. at 462 (quoting *Miller*, 25 Va. App. at 737, 739). But Miner's reliance on *Miller* and *Palmer* is misplaced. Both cases involved felons who relied on the advice of their *probation officers* that they could own certain firearms. *Palmer*, 48 Va. App. at 465; *Miller*, 25 Va. App. at 743-44. By contrast, the "government official" upon whose advice Miner allegedly relied was his previous privately retained attorney. Virginia has not officially considered the question of whether a private attorney can constitute a government official per *Miller* and *Palmer*. In *Miller*, we cited authority from another jurisdiction holding that a "private attorney [is] not [a] government official." *Miller*, 25 Va. App. at 739 (citing *United States v. Indelicato*, 887 F. Supp. 23, 25 (D. Mass. 1995), *modified in part on other grounds*, 97 F.3d 627 (1st Cir. 1996)). Further, in an unpublished opinion, this Court did opine on this question, concluding that "a private attorney is not a government official." *Lett v. Commonwealth*, No. 2611-99-1, slip op. at 5 (Va. Ct. App. Oct. 24, 2000).[5]

Other authorities agree. "It is often said that lawyers are 'officers of the court.' But . . . a lawyer representing a client is not, by virtue of being an officer of the court, a state actor[.]" *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Rather, "[i]n our system a defense lawyer characteristically opposes the designated representatives of the State[,]" and "serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.' This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 318-19 (quoting *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979)). "Although lawyers are generally licensed by the States,

---

[5] "While Rule 5A:1(f) provides that unpublished opinions may be cited as informative, 'unpublished opinions are merely persuasive authority and not binding precedent.'" *Coffman v. Commonwealth*, 67 Va. App. 163, 172 n.7 (2017) (quoting *Baker v. Commonwealth*, 59 Va. App. 146, 153 n.3 (2011)).

'they are not officials of government by virtue of being lawyers.'" *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)). "A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State." *West v. Atkins*, 487 U.S. 42, 50 (1988) (citing *Polk County*, 454 U.S. at 318-19). "[H]e 'is not acting on behalf of the State; he is the State's adversary.'" *Id.* (quoting *Polk County*, 454 U.S. at 323 n.13); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 n.18 (1982).

Miner's former attorney was not "a public officer . . . charged by law with responsibility for defining the permissible conduct with respect to the offense at issue," and the trial court therefore did not err in denying Miner's motion to strike on that basis. *Palmer*, 48 Va. App. at 464 (quoting *Branch v. Commonwealth*, 42 Va. App. 655, 671 (2004)).

CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err in overruling Miner's motion to strike. We therefore affirm the trial court's judgment.

*Affirmed.*